IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| FRANCISCO SANCHEZ #01271648 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv327 |
| UNKNOWN GARZA, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Francisco Sanchez, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was transferred to this Court for proper venue and referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations and Procedural History**

Plaintiff filed his original complaint in June 2023. (Dkt. #1.) On July 7, 2023, the Court found Plaintiff's original complaint to be deficient in several respects and ordered him to amend to "stat[e] specific facts to support his claims." (Dkt. #11 at 2.) The Court expressly instructed Plaintiff to "explain in detail how and when his constitutional rights were allegedly violated, identify the defendants responsible for those violations, specify how each defendant personally violated his constitutional rights, explain how he was harmed or injured by those violations, and clearly state the relief he seeks." (*Id.*)

Plaintiff filed his amended complaint on July 31, 2023. (Dkt. #14.) In it, he alleges that Sergeant Halen always sends him to the food line where he "always ha[s] problems with [his]

food," specifically "they always put something on [his] food." (*Id.* at 4.) Plaintiff does not say what is put on his food, why it causes him problems, or how he is harmed by these problems. Nor does he allege that Halen is involved in the preparation of his food or has any knowledge of the alleged "problems."

Plaintiff sues Halen, Mayor Garza, and Warden Garcia and does not identify what relief he seeks. (*Id.* at 3–4.)

## II. Legal Standards and Preliminary Screening

Because Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). That statute provides for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise

rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* Particularly with regard to any claim that defendants have conspired to harm him, a plaintiff must plead specific, non-conclusory facts that establish that there was an agreement among the

defendants to violate his federal civil rights. *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004); *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (plaintiffs asserting conspiracy claims under Section 1983 must plead the operative facts on which their claim is based; bald allegations that a conspiracy existed are insufficient).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### III. Discussion and Analysis

The Eighth Amendment to the United States Constitution "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To plead a constitutional violation based on the conditions of an inmate's confinement, a plaintiff must allege conditions that objectively "pos[e] a substantial risk of serious harm." *Id.* at 834. He must also allege facts showing that prison officials were subjectively deliberately indifferent to that risk to his health or safety. *Id.*; *see also Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) (summarizing objective and subjective prongs of an Eighth Amendment violation). The deliberate indifference required to state a constitutional claim "is an extremely high standard to meet," *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), and prison officials act with such indifference only if they know an inmate faces a substantial risk of serious harm and they disregard that risk by failing to take reasonable measures to alleviate it. *See Farmer*, 511 U.S. at 837; *accord Taylor v. Stevens*, 946 F.3d 211, 221 (5th Cir. 2019). Thus,

the prison official "must both be aware of the facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff's sole allegation against Defendant Halen—that Halen sends Plaintiff to a food line where some unspecified "problem" happens with his food—does not come close to satisfying that standard. Plaintiff does not establish that his food poses a substantial risk of serious harm. And he does not establish that Defendant Halen is personally aware of any such risk. Nor does he allege that he has suffered any actual harm as a result of the alleged conditions.

Further, Plaintiff does not mention Defendants Garza or Garcia anywhere in the body of his amended complaint. Accordingly, he has not alleged their personal involvement in any constitutional violation as required to make them individually liable under Section 1983. Lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of respondeat superior, which does not generally apply in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable only if he is personally involved in a constitutional deprivation, a causal connection exists between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987). Plaintiff here does not allege any facts from which the Court could find he has stated a claim against Garza or Garcia under this standard. His claims against them are frivolous.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's amended complaint is frivolous and fails to state a claim for which relief can be granted. Dismissal is appropriate where Plaintiff has already been given a chance to cure his deficiencies but still fails to state a viable claim. *See Jacquez v.*

*Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

<u>RECOMMENDATION</u>

Accordingly, the undersigned recommends that Plaintiff's lawsuit be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 10th day of August, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE